UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>BONIFACIO CARLOS-TAFOLLA<br><br>    Defendant. | Case No. 1:17-cr-00343-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Bonifacio Carlos-Tafolla's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1). Dkt. 70. The government filed a Response indicating (among other points) that Carlos-Tafolla did not exhaust his administrative remedies prior to submitting his Motion to the Court. Dkt. 72. Shortly thereafter, Carlos-Tafolla filed a Motion to Dismiss his Motion to Reduce Sentence without prejudice so that he may pursue his administrative remedies. Dkt. 74. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS Carlos-Tafolla's Motion to Dismiss (Dkt. 74) to afford him the opportunity to exhaust his

administrative remedies.[1]

## II. BACKGROUND

For the instant offense, Carlos-Tafolla pled guilty to Possession of Marijuana with Intent to Distribute in violation of 21 U.S.C. §841(a)(1) and Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c)(1)(A). Dkt. 23. On August 9, 2018, the Court sentenced Carlos-Tafolla to 106 months of incarceration with three years of supervised release to follow. Dkt. 52.

At this time, Carlos-Tafolla's release is set for June 12, 2025. Dkt. 72. He has served approximately 63% of his current sentence; 67 months served with about 39 months remaining. Carlos-Tafolla is currently incarcerated at Federal Correctional Institute Herlong ("FCI Herlong").

On August 24, 2021, FCI Herlong's Warden denied Carlos-Tafolla's Compassionate Release request. *Id.* Similar to his request to the Warden, he bases the instant request, in part, on his lengthy sentence and prison conduct. *See generally* Dkt. 70. Although not included in his request to the Warden, Carlos-Tafolla also bases the instant request on his conditions of confinement related to COVID-19 generally and purported prior ineffective assistance of counsel. *Id.*

## III. LEGAL STANDARD

As an initial matter, the Court notes that some of Carlos-Tafolla's arguments are

---

[1] Under Rule 41, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

MEMORANDUM DECISION AND ORDER - 2

more appropriately brought under 28 U.S.C. § 2255 rather than 18 U.S.C. § 3582. For instance, his arguments regarding the length of his sentence and ineffective assistance of counsel are both collateral attacks properly brought under 28 U.S.C. § 2255[2] instead of 18 U.S.C. § 3582. The Court will not address those arguments today.

Next, Carlos-Tafolla seeks a reduced sentence under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[3] In order to grant a reduced sentence, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. A district court may grant a reduced sentence only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[2] 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

[3] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Carlos-Tafolla exhausted his administrative remedies for some, but not all, of his claimed reasons for release when the BOP denied his release request. Dkts. 72, at 4; 74. His Compassionate Release request to the BOP included four reasons for his release: lengthy prison sentence, rehabilitative programming, prison conduct, and unwarranted sentencing disparity. Dkt. 72, at 4. Missing among these reasons was any reference to his conditions of confinement related to Covid-19 which he now brings. Thus, Carlos-Tafolla failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A) for his claim related to Covid-19, leaving only his claim based upon "rehabilitative programming"

and "prison conduct" ("rehabilitation claim") properly exhausted at this time.[5]

### B. Extraordinary and Compelling Reasons

Because Carlos-Tafolla properly exhausted his rehabilitation claim, the Court will consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Carlos-Tafolla bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Although he may have properly exhausted his administrative remedies for his rehabilitation claim, "[r]ehabilitation of the defendant alone shall not be considered extraordinary and compelling circumstances." 28 U.S.C. § 994(t). At this time, rehabilitation is the only reason that Carlos-Tafolla exhausted with the BOP, but this reason, standing alone, is insufficient grounds for release.

Next, even had Carlos-Tafolla exhausted his administrative remedies as to Covid-19,[6] this reason is also insufficient to justify compassionate release. Carlos-Tafolla points

---

[5] As noted, Carlos-Tafolla's claims related to the length of his sentence and/or any sentencing disparity qualify as collateral attacks that should be filed, if at all, as a Rule 2255 motion, and are not properly before the Court at this time.

[6] Born on August 15, 1993 (Dkt. 36, at 3), Carlos-Tafolla is now 28 years old with no medical conditions (Dkt. 72-2) that would put him at a severe risk of serious illness from COVID-19. It appears Carlos-Tafolla received two doses of the COVID-19 vaccine on April 8, 2021, and May 5, 2021. Dkt. 72, at 13, n. 6. *See United States v. Kim*, 2021 U.S. Dist. LEXIS 86830, at *6–7 (D. Haw. May 6, 2021) (denying the defendant's motion because he was fully vaccinated, and there were no active COVID-19 cases at the facility where he was located). Additionally, Carlos-Tafolla previously contracted and recovered from Covid-19 and acknowledged that the "COVID-19 infection was not severe." Dkt. 70, at 24.

MEMORANDUM DECISION AND ORDER - 5

to the COVID-19 pandemic (in general) and its impact on his prison conditions as a reason for his release. *See generally,* Dkt. 70. Concern for the possibility of exposure to COVID-19 on its own, however, does not meet the extraordinary and compelling criteria. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Additionally, his argument that Covid-19 has impacted his conditions of confinement would apply equally to all inmates at his facility, and therefore, does not qualify as extraordinary or compelling circumstances.

The Government also argues that the 18 U.S.C. § 3553(a) factors weigh against Carlos-Tafolla's release.[7] Dkt. 72, at 13. The Court agrees. Carlos-Tafolla has failed to demonstrate how release, after having served less than two-thirds of a sentence for serious drug and gun possession offenses, reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offenses. The Court agrees with the Government's argument that the public is currently best protected by Carlos-Tafolla's continued incarceration.

---

[7] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

The Court commends Carlos-Tafolla on his post-sentencing conduct and motivation to improve his skills for his release. These accomplishments aside, the Court cannot change Carlos-Tafolla's sentence absent extraordinary and compelling circumstances that would apply to him. The Court encourages Carlos-Tafolla to continue to be a model inmate and to participate in further programs and resources to facilitate a successful release at the end of his sentence. The Court finds that Carlos-Tafolla has not exhausted his administrative remedies as to most of the content of his Motion to Reduce Sentence and will GRANT his Motion to Dismiss. Carlos-Tafolla should be mindful of the Court's decision here and not bring claims that are collateral attacks on his sentence or are related to generalized concerns about COVID-19.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Carlos-Tafolla's Motion to Reduce Sentence (Dkt. 70) is **DENIED** without prejudice.

2. Carlos-Tafolla's Motion to Dismiss (Dkt. 74) is **GRANTED**.

DATED: May 9, 2022

David C. Nye
Chief U.S. District Court Judge