UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BONIFACIO CARLOS-TOFOLLA,<br><br>Defendant. | Case No. 1:17-cr-00343-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Bonifacio Carlos-Tofolla's second (Dkt. 75) and third (Dkt. 81) motions for compassionate release. For the reasons below, these motions are DENIED.

## II. BACKGROUND

Carlos-Tofolla is a prisoner. He was previously a drug dealer. When the police tried to arrest him as part of a drug sting, he fled while his partner shot at officers. After being caught, Carlos-Tofolla pleaded guilty to Possession of Marijuana with Intent to Distribute and Possessing a Firearm in Furtherance of a Drug Trafficking Crime. Dkt. 23. On August 9, 2018, the Court sentenced him to 106 months of incarceration with three years of supervised release to follow. Dkt. 52.

In August 2021, Carlos-Tofolla requested compassionate release, which his warden denied. Dkt. 71. On December 6, 2021, he escalated his request to the Court, arguing that his prison conduct had been good, his sentence had been long, his prior counsel had been ineffective, and that COVID-19 had made his imprisonment exceptionally harsh. Dkt. 70.

MEMORANDUM DECISION AND ORDER - 1

The Court dismissed his motion for four reasons. Dkt. 76. First, it found that Carlos-Tofolla's "arguments regarding the length of his sentence and ineffective assistance of counsel are both collateral attacks" that would be "properly brought under 28 U.S.C. § 2255 instead of 18 U.S.C. § 3582" and so were not properly pleaded. *Id*. at 3. Second, it found that Carlos-Tofolla had not exhausted his administrative remedies. His request to the warden had not mentioned COVID-19, and so it was improper to bring that argument before the Court when it had not first been properly heard through administrative channels. *Id*. at 4. Third, the Court found that Carlos-Tofolla's good prison conduct—and his generalized fear of COVID-19—were not "extraordinary and compelling reasons" sufficient to justify compassionate release. *Id*. at 5–6. Finally, the Court found that the sentencing factors in 18 U.S.C. § 3553(a) weighed against release. *Id*. at 6. Though the Court dismissed Carlos-Tofolla's motion without prejudice, it urged him not to bring any more claims "that are collateral attacks on his sentence or are related to generalized concerns about COVID-19." *Id*. at 7.

Before the Court's order dismissing his first motion had been released, Carlos-Tofolla filed a second motion for compassionate release. Dkt. 75. On January 3, 2023, before the Court had ruled on the second motion, Carlos-Tofolla filed a third motion for compassionate release. Dkt. 81. Both his second and third motions are now before the Court.

### III. LEGAL STANDARD

The First Step Act ("FSA") made it possible for courts to modify a sentence in some cases. *See* 18 U.S.C. § 3582(c)(1)(A). In order to grant compassionate release, a district

court must first determine whether a defendant has exhausted his administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they apply. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). If, after making all these considerations, a court finds it appropriate, it may reduce a defendant's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A).

### IV. ANALYSIS

Carlos-Tofolla's second motion reiterates the arguments the Court already addressed in his first: that his sentence was unfairly harsh, that he has already been rehabilitated in prison, and that COVID-19 made his confinement unfairly severe. He also adds an argument, asserting that an American citizen convicted of the same crimes would be eligible for good time credit under the FSA, participation in the RDAP program, and eventual placement in a halfway house. Because Carlos-Tofolla is not an American citizen, he claims to be ineligible for these benefits. This fact, he argues, makes his incarceration especially harsh and constitutes an extraordinary and compelling reason for compassionate release. He contends that, had his attorneys asked for a *Smith* departure,[1] his sentence

---

[1] In *United States v. Smith*, the D.C. Circuit held the prospect that a defendant would experience more severe conditions of confinement on account of his non-citizen status may be considered in departing from the sentencing guidelines. 27 F.3d 649, 694–55 (1994).

MEMORANDUM DECISION AND ORDER - 3

would have better accounted for the disadvantages of being a non-citizen inmate.

Carlos-Tofolla's third motion repeats the same arguments, often in the same words: his sentence was too harsh, he has been an exceptional inmate, and his non-citizen status combined with COVID-19 has made his incarceration unusually punitive.

For at least four reasons, none of these arguments warrant compassionate release. Specifically, Carlos-Toffola has used the wrong legal vehicle, has failed to exhaust his administrative remedies, has not alleged extraordinary and compelling reasons, and lacks the support of the sentencing factors.

First, a motion for compassionate release is not an appropriate vehicle for a collateral attack against a defendant's sentence. Multiple circuits have held that a collateral attack cognizable under § 2255 cannot properly be framed as a motion for compassionate release under § 3582(c)(1). *See, e.g.*, *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements"); *United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence . . . Because [the Defendant]'s claims would have been cognizable under § 2255, they are not cognizable under § 3582(c)"); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) ("[H]abeas is the appropriate place to bring challenges to the lawfulness of a sentence. And as we've discussed, we do not read 'extraordinary and compelling' to provide an end run around habeas."). The Court agrees with these circuits.

MEMORANDUM DECISION AND ORDER - 4

Because Carlos Tofolla's first and second claims—that his sentence was unfairly disparate and that his counsel failed to move for a *Smith* departure—are legal challenges to his sentence, they are not properly before the Court on a motion for compassionate release. *See also* Dkt. 75, at 3 ("[Carlos-Tofolla's] arguments regarding the length of his sentence and ineffective assistance of counsel are both collateral attacks properly brought under 28 U.S.C. § 2255 instead of 18 U.S.C. § 3582. The Court will not address those arguments today.").

Second, Carlos-Tofolla has not exhausted his administrative remedies for his COVID-19-related claims—or for any of the claims in his third motion. "[F]or each compassionate release motion an inmate brings, he must first petition the warden of his facility and then meet one of the two exhaustion methods detailed in Section 3582(c)(1)(A)." *United States v. Iwai*, 2020 WL 6470167, at *3 (D. Haw. Nov. 3, 2020). When a defendant seeks relief from the court that he has not yet requested from the warden, he has not exhausted his administrative remedies for that relief. *United States v. Rice*, 848 F.App'x 320 (9th Cir. 2021) (unpublished). The FSA does not grant courts the authority to consider whether to reduce a sentence until the exhaustion criteria of the FSA have been met. *United States v. Holden*, 452 F. Supp. 3d 964, 973 (D. Or. 2020).

Here, the Court dismissed Carlos-Tofolla's first motion without prejudice so that he could exhaust his administrative remedies. On March 1, 2022, he filed a letter with his prison case manager:

> This is a request for compassionate release / reduction in sentence (RIS). I believe that I have extraordinary and compelling reasons to warrant a reduced sentence, including

> my lengthy sentence that should've been lower based on the Supreme Court decision in *Dean v. U.S.* and a "*Smith* variance," rehabilitative programming, prison conduct, and unwarranted sentencing disparity. I wrote to the warden and he instructed me that the proper procedure is to submit my request to my unit team leader rather than his office and that you would have 30 days to respond. Thank you.

Dkt. 78.

This letter did not mention the COVID-19 arguments that Carlos-Tofolla raised in his motions before the Court. And though his letter was sufficient as to the other claims in his second motion, it was inadequate to exhaust his remedies for any of the claims in his third motion for compassionate release. Because there is no evidence that Carlos-Tofolla separately exhausted his administrative remedies before bringing his third motion for compassionate release, the Court lacks jurisdiction over the claims raised in his third motion. Nor does it have jurisdiction over the COVID-19 arguments raised in his second motion.

Third, Carlos-Tofolla has not alleged extraordinary and compelling reasons for compassionate release. Until further guidance comes down from the United States Sentencing Commission, there is no applicable policy statement governing compassionate-release motions filed by defendants under the FSA, and "as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Here, Carlos-Tofolla has raised four primary arguments: (1) that his sentence was unfairly harsh, (2) that his counsel and the Court both neglected the disadvantages of

MEMORANDUM DECISION AND ORDER - 6

Carlos-Tofolla's non-citizen status at sentencing, (3) that he has already been successfully rehabilitated in prison, and (4) that COVID-19 has made his confinement unfairly severe.

As discussed, most of these arguments fail because of procedural defects in the pleading. All of them, however, fail on the merits because none of them constitute extraordinary and compelling reasons. Each argument, with the possible exception of the first, is so generally applicable that it could be made by any non-citizen inmate who was incarcerated during COVID-19 lockdowns and worked hard at self-improvement. If a set of circumstances applies to much of the prison population, it cannot be said to be extraordinary. In making this finding, the Court does not mean to trivialize Carlos-Tofolla's experience in prison or make light of his efforts at self-improvement. On the contrary, the Court commends Carlos-Tofolla for his diligence. The fact remains, however, that his current circumstances are not so extraordinary or compelling as to justify terminating his sentence.

With respect to Carlos-Tofolla's first argument, while it is true that some courts have considered sentencing disparities as grounds for compassionate release, the Court has scrutinized Carlos-Tofolla's sentence and finds that it is not so disparate or harsh as to warrant compassionate release.

Fourth and finally, the § 3553(a) factors do not support releasing Carlos-Tofolla. The factors are: (1) the seriousness of the offense, (2) deterrence of future criminal conduct, (3) protection of the public from future crimes by the defendant, and (4) provision of needed training and treatment to the defendant. *See* 18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

Here, Carlos-Tofolla was convicted after arranging to sell 25 pounds of marijuana to an undercover officer and then fleeing the scene while his partner shot at police. It is a serious offense to use firearms in the commission of a drug crime. That Carlos-Tofolla and his partner were distributing large quantities of drugs and were willing to shoot at police officers shows they posed a danger to the public. Though the Court notes Carlos-Tofolla's reports of good behavior, the seriousness of his crime, the need to protect the public from future crimes, and the need to deter him from future offenses all weigh against releasing him early. Thus, the sentencing factors in § 3553(a) do not favor compassionate release.

## V. CONCLUSION

Carlos-Tofolla has used his two motions for compassionate release to make collateral attacks on his conviction. He has not fully exhausted his administrative remedies. Moreover, he has failed to allege extraordinary and compelling reasons for compassionate release, and the sentencing factors weigh against it. For these reasons, the Court DENIES both of his motions.

## VI. ORDER

1. Carlos-Tofolla's First Motion for Compassionate Release (Dkt. 75) is **DENIED**.
2. Carlos-Tofolla's Second Motion for Compassionate Release (Dkt. 81) is **DENIED**.

DATED: May 16, 2023

David C. Nye
Chief U.S. District Court Judge